## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **JAMES BEAUFORD and** | * | |
| **VICTOR FLOWERS,** | * | |
| | * | |
| **Plaintiffs,** | * | **CIVIL ACTION FILE NO.** 4:15-cv-32 (CDL) |
| | * | |
| **v.** | * | |
| | * | |
| **THE CITY OF LUMPKIN,** | * | |
| **CHAD CONLEY, and** | * | |
| **JEFF BURRIS,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs, James Beauford and Victor Flowers, and hereby file this Complaint against Defendants as follows:

## INTRODUCTION

1.

This is a 42 U.S.C. §1983 action brought under the Fourth Amendment arising from the unlawful arrest of Plaintiffs and the use of excessive force against them by the Defendant police officers in retaliation for their exercise of First Amendment rights. Plaintiffs also assert pendent state claims of battery, false imprisonment, and state constitutional violations against the officers, as well as pendent claims of *respondeat*

*superior* and negligent hiring, retention and/or supervision against the City under state law.

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions.  Plaintiffs further invoke the pendent or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and M.D.L.R. 3.4 because the claims arose in Stewart County, Georgia, which is situated within the district and divisional boundaries of the Columbus Division of the Middle District of Georgia, and because both Plaintiffs and one or more Defendants reside within said District and Division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

## PARTIES

### 5.

Plaintiff James Beauford is a citizen of the United States and a resident of the state of Georgia.

### 6.

Plaintiff Victor Flowers is a citizen of the United States and a resident of the state of Georgia.

### 7.

Defendant City of Lumpkin is a duly organized and existing municipality under the laws of the state of Georgia with the capacity to sue and be sued, and which employed Defendants Conley and Burris at all times relevant herein.

### 8.

Defendant Chad Conley is an individual who was, at all times relevant herein, a police officer employed by Defendant City of Lumpkin who acted within the scope of his employment by and pursuant to the policies and procedures of the Lumpkin Police Department.

### 9.

Defendant Jeff Burris is an individual who was, at all times relevant herein, a police officer employed by Defendant City of Lumpkin who acted within the scope of

his employment by and pursuant to the policies and procedures of the Lumpkin Police Department.

10.

At all times relevant herein, the above named Defendants acted under color of state law.

## FACTUAL ALLEGATIONS

11.

At approximately 2:30 p.m. on the afternoon of Sunday, December 1, 2013, Defendants were on patrol in the City of Lumpkin when they came upon a group of citizens gathered around a park bench on Surles Street.

12.

Plaintiffs Beauford and Flowers were part of that group.

13.

At said time and place, the Defendant officers got out of their respective patrol cars and announced to those present that they were tired of dealing with crime in the community and were going to start enforcing the law "harder."

14.

Defendant Conley told the group that he was tired of people "stealing shit" and breaking into houses, and to tell all the "young bucks" that if it did not stop, the police

were going to start stopping people, patting them down, and "fucking with them."

15.

Said Defendants had no reason to suspect that any of the people in the group had committed any crime, and they were all engaged in lawful behavior when Defendants arrived at the scene.

16.

At the time, Defendant Conley was the deputy chief of police and the second highest ranking officer in the Lumpkin police department.

17.

As Defendant Conley continued to use profanity and make threats, Plaintiffs and other members of the group began to express their opinions about Conley's statements, commenting on how the police were already doing what Conley was threatening to do, commenting on how the town was wasting taxpayer money, and complaining about how the police were always harassing them.

18.

Plaintiffs and other members of the group became vocal and animated in expressing their disagreement with Conley's abusive ranting, but they were non-threatening and Conley was not intimidated by them.

19.

Conley responded to the citizen's protestations by laughing, ridiculing them, and continuing to curse and use abusive language – telling one man that his opinion did not matter because he did not live there, despite the fact that he was a taxpayer who owned property in town.

20.

In response to Conley's rant, Plaintiff Flowers shook his head and said "y'all are full of shit," or words to that effect, in a manner that conveyed disagreement and disbelief but did not rise to the level of a threat.

21.

Without hesitation, Conley told Flowers that he was going to jail and, suddenly and without warning, threw Flowers to the ground, at which point the Defendant officers put their knees in his back and, with Taser in hand, proceeded to handcuff Flowers and place him under arrest.

22.

At no time did Flowers threaten the officers either physically or verbally, and there was no justification for using force against him.

23.

There was also no justification for arresting Flowers, detaining him for any

period of time, or charging him with any crime.

24.

The onlookers gasped in disbelief and asked the officers why they were acting in this manner, but none of them reacted violently or unlawfully.

25.

When Plaintiff Beauford attempted to use his cell phone to video the officers' conduct toward Flowers, Defendant Burris went over to Beauford and, suddenly and without warning, threw Beauford to the ground.

26.

Beauford was also placed under arrest, but because he was injured and unable to get up off the ground, an ambulance was called and he was ultimately transported to the hospital before being taken to jail.

27.

At no time did Beauford threaten the officers either physically or verbally, and there was no justification for using force against him.

28.

There was also no justification for arresting Beauford, detaining him for any period of time, or charging him with any crime.

29.

The criminal charges against both Plaintiffs were subsequently dismissed by the District Attorney, resulting in a termination of the proceedings in favor of Plaintiffs.

## THEORIES OF RECOVERY

### First Amendment Retaliation Claim

30.

Paragraphs 1 through 29 are hereby re-alleged as if fully set forth herein.

31.

At all times relevant herein, Plaintiffs were peaceably assembled and engaged in conduct and speech constituting protected forms of expression under the First Amendment of the United States Constitution.

32.

Defendants Conley and Burris unlawfully arrested and used force against Plaintiffs in retaliation for their lawful exercise of First Amendment rights.

33.

The law was clearly established in December 2013 that a police officer cannot use force or make an arrest in retaliation for protected First Amendment expression.

34.

Defendants Conley and Burris are not entitled to qualified immunity because

they violated clearly established law under the First Amendment.

35.

Accordingly, Defendants Conley and Burris are liable under 42 U.S.C. §1983 for violating Plaintiffs' First Amendment rights.

## Fourth Amendment Excessive Force Claim

36.

Paragraphs 1 through 35 are hereby re-alleged as if fully set forth herein.

37.

The aforementioned misconduct of Defendants Conley and Burris in using unjustified and excessive force against Plaintiffs constituted an unreasonable seizure of their person in violation of the Fourth Amendment of the United States Constitution.

38.

The law was clearly established in December 2013 that a police officer cannot use any level of force against a free citizen at liberty under circumstances where there is no justification for the use of any force at all, and even in circumstances where minimal force may be arguably justified to lawfully gain control of a situation, any force used must be objectively reasonable in view of the threat posed by the citizen.

39.

Defendants Conley and Burris are not entitled to qualified immunity because

they violated clearly established law under the Fourth Amendment.

40.

Accordingly, Defendants Conley and Burris are liable under 42 U.S.C. §1983 for violating Plaintiffs' Fourth Amendment rights.

## **Fourth Amendment Unlawful Arrest Claim**

41.

Paragraphs 1 through 40 are hereby re-alleged as if fully set forth herein.

42.

The aforementioned misconduct of Defendants Conley and Burris in arresting Plaintiffs was an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution.

43.

The law was clearly established in December 2013 that a police officer cannot make an arrest without arguable probable cause, or under circumstances where no reasonable officer would believe that a crime had been committed.

44.

Defendants Conley and Burris are not entitled to qualified immunity because they violated clearly established law under the Fourth Amendment.

45.

Accordingly, Defendants Conley and Burris are liable under 42 U.S.C. §1983 for violating Plaintiffs' Fourth Amendment rights.

**<u>Pendent State Tort Claim for Battery</u>**

46.

Paragraphs 1 through 45 are hereby re-alleged as if fully set forth herein.

47.

The aforementioned use of excessive and unjustified force by Defendants Conley and Burris was an unlawful and injurious touching of both Plaintiffs that constituted battery under Georgia law.

48.

Because said Defendant officers acted with actual malice, and with specific intent to injure or commit a wrongful act, they are not entitled to official immunity under Georgia law.

49.

Accordingly, Defendants Conley and Burris are liable to Plaintiffs for battery under Georgia law.

## Pendent State Tort Claim for False Imprisonment

50.

Paragraphs 1 through 49 are hereby re-alleged as if fully set forth herein.

51.

The aforementioned arrest of both Plaintiffs by Defendants Conley and Burris without probable cause amounts to false imprisonment under Georgia law.

52.

Because said Defendant officers acted with actual malice, and with specific intent to injure or commit a wrongful act, they are not entitled to official immunity under Georgia law.

53.

Accordingly, Defendants Conley and Burris are liable to Plaintiffs for battery under Georgia law.

## Pendent Claims for State Constitutional Violations

54.

Paragraphs 1 through 53 are hereby re-alleged as if fully set forth herein.

55.

The aforementioned conduct of Defendants Conley and Burris toward both Plaintiffs also constituted unreasonable seizures under Art. I, Sec. I, Par. 13 of the

Georgia Constitution, violations of the right to free speech and assembly under Art. I, Sec. I, Par. 5 and 9 of the Georgia Constitution, and abuse during the course of an arrest in violation of Art. I, Sec. I, Par. 17 of the Georgia Constitution.

56.

Because said Defendant officers acted with actual malice, and with specific intent to injure or commit a wrongful act, they are not entitled to official immunity under Georgia law.

57.

Accordingly, Defendants Conley and Burris are liable to Plaintiffs the aforementioned violations of the Georgia Constitution.

## State Law Claims Against City

58.

Paragraphs 1 through 57 are hereby re-alleged as if fully set forth herein.

59.

At all times relevant herein, Defendants Conley and Burris were agents or employees of Defendant City of Lumpkin acting within the scope of their agency or employment.

60.

Accordingly, Defendant City of Lumpkin is vicariously liable under Georgia law

for the state law torts and state constitutional violations committed by said Defendant officers.

61.

Defendant City of Lumpkin is also liable for its own negligence in the hiring, supervision, and/or retention of Defendants Conley and Burris, who engaged in unlawful and unorthodox police practices that the City knew or should have known of in the exercise of reasonable care in the oversight of said officers.

62.

At all times relevant herein, Defendant City of Lumpkin maintained liability insurance coverage applicable to the acts and omissions alleged herein, and the City is liable under Georgia law for its own negligence as well as the tortious acts and state constitutional violations committed by Defendants Conley and Burris to the extent of such coverage.

63.

Prior to the filing of this lawsuit and within the time required by Georgia law, Plaintiffs submitted the required *ante litem* notice of claim to Defendant City of Lumpkin.

## DAMAGES

64.

Paragraphs 1 through 63 are hereby re-alleged as if fully set forth herein.

65.

As a direct and proximate result of the above described conduct of Defendants, Plaintiffs Flowers and Beauford have been deprived of their liberty and their rights as citizens, have experienced significant physical and mental pain and suffering, and have been forced to incur special damages including attorney's fees, bail bond fees, and medical expenses, and such injuries and damages are expected to continue into the future.

66.

Defendants are liable to Plaintiffs for the foregoing injuries and damages in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

67.

The aforementioned conduct of Defendants Conley and Burris amounted to such conscious indifference and reckless disregard for the consequences as to also authorize the imposition of punitive damages against said Defendant officers under both federal and state law.

68.

Plaintiffs are entitled to recover reasonable attorney's fees and expenses of litigation from Defendants under both federal and state law.

**WHEREFORE**, Plaintiffs demand the following:

a)      That this action be tried by a jury;

b)      That judgment be entered in favor of Plaintiffs and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c)      That Plaintiffs be awarded reasonable attorney's fees and expenses;

d)      That all costs of this action be taxed against Defendants; and

e)      That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 10th day of March, 2015.

*/s/ Craig T. Jones*
CRAIG T. JONES
Georgia Bar No. 399476
Lead Counsel for Plaintiffs

THE ORLANDO FIRM, P.C.
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA  30030
(404) 373-1800
craig@orlandofirm.com